IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA CARAZANI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-107 (CKK) |
| v. ) | |
| ) | |
| EMMA ZEGARRA ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S REPORT TO THE COURT**

On January 23, 2012, Plaintiff Virginia Carazani filed a Complaint against Defendant Emma Zegarra seeking damages under the Trafficking Victims Protection Act of 2000 (18 U.S.C. §§ 1590, 1595, 1589) and the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*), as well as damages and other relief for breach of contract, unjust enrichment, fraud, and negligent and intentional infliction of emotional distress.  On February 28, 2012, Ms. Zegarra filed her Answer to the complaint.

Pursuant to this Court's March 1, 2012 Order for Initial Scheduling Conference, Plaintiff, by and through her attorneys has repeatedly tried to contact Defendant Emma Zegarra to participate in a Rule 26(f) conference by telephone.  Counsel for Plaintiff called and left messages about the need to confer, and a request to do so, with contact information, with someone at Defendant's home telephone number on March 5, 8, 13, and 14.  On March 14, Defendant returned the call and left her work number, saying she would call the next day. Counsel for Plaintiffs then called and left messages at Defendant's work number on March 15, 19, and twice on March 22.  Counsel for Plaintiff has not received any other return phone calls

from Defendant. Consequently, despite diligent efforts by Plaintiff's counsel, the parties have not conferred about the issues noted in the Court's Order. Plaintiff has drafted her own Report to the Court, and sets forth herein her own responses to the issues the Court directed the parties to address.

1. <u>Whether the case is likely to be disposed of by dispositive motion</u>: Plaintiff believes there is a possibility that this case could be disposed of on summary judgment, depending on what information is ascertained during discovery.

2. <u>Deadline for joinder of parties and amendment of pleadings, and whether some or all legal and factual matters can be agreed upon or narrowed</u>: Plaintiff proposes a deadline of May 17, 2012, for Plaintiff to join parties and amend pleadings, and a deadline of May 31, 2012, for the Defendant to join parties or amend pleadings. From the denials in the Answer, it appears that the parties disagree on the critical legal and factual matters relevant to this dispute and thus a narrowing of the issues is not likely.

3. <u>Assignment to a magistrate judge</u>: Plaintiff believes that assignment to a magistrate judge for any discovery disputes that might arise is appropriate, but does not believe that the case should otherwise be assigned to a magistrate judge.

4. <u>Possibility for Settlement</u>: At the present time, settlement seems highly unlikely.

5. <u>Use of Alternative Dispute Resolution</u>: Plaintiff does not believe that this dispute is appropriate for alternative dispute resolution.

6. <u>Summary Judgment or Motion to Dismiss</u>: Plaintiff does not believe this case can be resolved on a motion to dismiss, though resolution through summary judgment may be possible depending on evidence adduced during discovery. Plaintiff proposes the following

schedule for filing any dispositive motions: October 17, 2012, for dispositive motions, November 14, 2012, for oppositions briefs, and December 3, 2012, for replies to opposition briefs.

7.  Initial Disclosures:  Plaintiff believes that submission of initial disclosures as required under Fed. R. Civ. P. 26 is appropriate in this case, and propose a deadline of April 6, 2012, for both Plaintiff's and Defendant's initial disclosures.

8.  Discovery:  Plaintiff proposes the following discovery schedule:

| | |
|---|---|
| April 6, 2012 | Initial Disclosures (26(a)(1)) due |
| May 17, 2012 | Deadline for Plaintiff to amend pleadings or join parties |
| May 31, 2012 | Deadline for Defendant to amend pleadings or join parties |
| June 22, 2012 | Cut off for serving fact discovery |
| July 23, 2012 | Discovery deadline |
| August 9, 2012 | Plaintiffs' expert report due (26(a)(2) disclosure) |
| September 6, 2012 | Defendants' expert report due (26(a)(2) disclosure) |
| September 24, 2012 | Expert Discovery deadline, including expert depositions |
| October 17, 2012 | Deadline for filing dispositive motions |
| November 14, 2012 | Deadline to file response to dispositive motions |
| December 3, 2012 | Deadline to file reply to dispositive motions |
| January 14, 2013 | Pre-Trial Conference |

Plaintiff proposes that the following limitations should be placed on discovery:  Each side will be limited to a total of 5 depositions, 25 interrogatories, and 25 requests for admission.

9. <u>Experts</u>: Plaintiff believes that expert discovery should proceed according to the schedule above.  Plaintiff's expert disclosure, including its expert report, is due on August 9, 2012, while Defendant's expert disclosure, including its expert report, is due on September 6, 2012.  Expert document discovery and deposition shall be completed by September 24, 2012.

10. <u>Bifurcation</u>: Plaintiff does not believe bifurcation is necessary in this case.

11. <u>Pretrial Conference</u>: Plaintiff proposes a date of January 14, 2013, for the pretrial conference.

12: <u>Trial Date</u>: Plaintiff proposes that the court set a firm trial date at the pretrial conference for sometime in February or March of 2013.

Respectfully submitted,


By: \_/s/Julie M. Carpenter\_\_\_
Julie M. Carpenter (DC Bar No. 418768)
Carrie Apfel (DC Bar No. 974342)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001
(v)  202-639-6000
(f)  202-639-6066
jcarpenter@jenner.com
capfel@jenner.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 22nd day of March, 2010, a true and correct copy of the foregoing document was delivered via United States first-class mail, postage pre-paid to delivery to:

Emma Zegarra
9632 Masterworks Drive
Vienna, VA 22181-6103

_/s/Julie M. Carpenter____
Julie M. Carpenter