IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VIRGINIA CARAZANI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-107 (RC) |
| v. | ) | |
| | ) | |
| EMMA ZEGARRA | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT EMMA ZEGARRA**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Plaintiff Virginia Carazani, by and through her counsel, respectfully moves this Court to enter default judgment in this matter against Defendant Emma Zegarra for her multiple violations of the orders of this Court, as discussed below and as detailed in the attached Declaration of Carrie F. Apfel, attorney for Plaintiff ("Apfel Decl."). On information and belief, Defendant Zegarra, a citizen of Bolivia, is not an infant, incompetent, or a member of the United States Armed Forces.

**BACKGROUND**

This case involves claims of involuntary servitude, human trafficking, failure to pay, fraud, and breach of contract. On July 13, 2011, the United States Citizenship and Immigration Services ("USCIS") granted Ms. Carazani a T-visa as a victim of an extreme form of human trafficking, pursuant to the Trafficking Victims Protection Act of 200, 8 U.S.C. § 1101(a)(15)(T). *See* Notice of Action, attached as Exhibit A. The same abuse described in Ms.

Carazani's Complaint and Amended Complaint formed the basis of the USCIS's decision to grant Ms. Carazani a T-visa.

Ms. Carazani filed her civil complaint on January 23, 2012.  Dkt. No. 1.  After Ms. Carazani agreed to an extension of time, Defendant filed an answer on February 28, 2012.  Dkt. No. 6.[1]  The Parties then participated in a status conference before this Court on March 28, 2012.  Pursuant to the Court's March 28, 2012, Order, the Parties were required to file Initial Disclosures on April 20, 2012, and to file a Joint Status Report with the Court by April 27, 2012, setting forth the deadlines for the filing of all discovery.  Dkt. No. 9.  Under the Joint Status Report, the Parties jointly agreed that they would "exchange initial document requests and interrogatories" on June 29, 2012, and that responses to these discovery requests would be due July 26, 2012.  *Id.*

Despite these clear deadlines, mutual agreement, and the orders of this Court, Defendant has yet to file her Initial Disclosures—due more than seven months ago—and likewise has failed to respond to a single one of Ms. Carazani's discovery requests, served as required on June 26, 2012.  *See* Dkt. No. 14, Exhibit A.  Counsel for Ms. Carazani sent two emails to Defendant since the July 26, 2012, deadline to respond, *see* Dkt. No. 14, Exhibit B, and attempted to call Defendant at both her home and work numbers, but Defendant has not responded to any of these communications.   Apfel Decl. ¶ 7-9.

Indeed, when counsel called Defendant's  work number on August 9, 2012, two different people informed counsel that Defendant had left the country.  *Id.* ¶¶ 8-9.  One of the people stated that Zegarra had left her employment at the World Bank and had left the country.  *Id.* ¶ 8.  A second person at the World Bank confirmed that Zegarra had left the United States and added

---

[1]  Ms. Carazani  later filed a First Amended Complaint.  Defendant has failed to file an Answer to that First Amended Complaint.

2

that she had no intention of returning.  *Id.* ¶ 9.  That same day, when counsel attempted to reach Zegarra at her home number, a recording informed her that the number was no longer in service.  *Id.* ¶ 11.  Further inquiry at the World Bank's Human Resources Department has resulted in no new contact information for Zegarra.  *Id.* ¶ 10.

In light of Defendant's persistent failure to cooperate and apparent flight from the United States, Ms. Carazani filed a Motion to Compel the Initial Disclosures and response to discovery requests on August 21, 2012.  Dkt. No. 14.  Ms. Carazani served this Motion on Defendant by mailing a copy to Zegarra's home address.  Apfel Decl. ¶ 12.  On September 2, 2012, counsel for Ms. Carazani received a returned copy of the motion with a message stating, "Return to Sender; Unable to Forward."  *Id.*  This confirmed Ms. Carazani's belief that Defendant had left the country and had not provided any forwarding information through which she might be reached.  *Id.*

The Court set a status hearing for September 14, 2012, but Defendant failed to appear.  Minute Order of Sept. 14, 2012.  The Court granted Ms. Carazani's Motion to Compel and ordered Defendant to comply within one week.  *Id.*  Defendant has never complied with that Order.  Neither Ms. Carazani nor this Court has granted Defendant any extensions of time to file Initial Disclosures or to respond to the discovery requests.  Apfel Decl. ¶ 13.  Ms. Carazani, on the other hand, has complied with all deadlines for Initial Disclosures and filing of discovery requests.  *Id.*  In short, Defendant has failed to comply with deadlines she agreed to, has failed to comply with the Court's scheduling orders, has failed to comply with the Court's order compelling her to respond, and has apparently fled the jurisdiction without notice, and without providing any means of communication, in an attempt to avoid this litigation.  For these reasons,

Ms. Carazani has no remaining alternative but to move this Court to impose the sanction of default judgment against the Defendant.

## ARGUMENT

The Court should grant Ms. Carazani's motion for default judgment as a sanction for Defendant's pattern of non-compliance with the Court's discovery orders.  Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes district courts to order sanctions, including default judgment, for violation of a discovery order.  *See Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (citing *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995)).  This Circuit has found default judgment appropriate as a sanction to prevent serious prejudice to the other party, to prevent delays and burdens on the court's docket, or to punish conduct that is disrespectful to the court.  *Id.* (citing *Shepherd*, 62 F.3d at 1074-75, 1077).

"Courts have not hesitated to order dismissal or enter default judgment as a sanction where a litigant has engaged in a pattern of non-compliance with court orders."  *Klayman v. Judicial Watch, Inc.*, 802 F. Supp. 2d 137, 152 (D.D.C. 2011) (citing *Bristol Petroleum Corp.*, 901 F.2d 165, 165 (D.C. Cir. 1990) (affirming dismissal of appellant's case after corporation disobeyed order to appear through counsel at a status conference); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004) (granting default judgment against corporation that disobeyed order to appear through counsel); *Secs. & Exch. Comm'n v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001) (granting default judgment against party that failed to appear at depositions and hearings, refused to pay court-ordered expenses, and disobeyed discovery orders); *Walls v. Paulson*, No. 03 Civ. 0186 (RMU), 2008 U.S. Dist. LEXIS 48021, 2008 WL 2520813, at *1 (D.D.C. June 23, 2008) (dismissing case after plaintiff disobeyed orders to appear at a status conference and to provide additional discovery); *Tucker v.*

*District of Columbia*, 115 F.R.D. 493, 496-97 (D.D.C. 1987) (dismissing case for plaintiff's failure to comply with court orders and failure to prosecute the case diligently).

In this case, Defendant has consistently failed to comply with this Court's orders. First, Defendant ignored this Court's March 28, 2012, Order to produce Initial Disclosures by April 20, 2012, and to respond to Ms. Carazani's discovery requests by July 26, 2012. Second, Defendant failed to attend the status hearing scheduled by the Court in response to Ms. Carazani's Motion to Compel. Third, Defendant failed to comply with this Court's August 21, 2012, Order, compelling Defendant to produce Initial Disclosures and responses to discovery requests within a week. In fact, Defendant has not participated in this case since the filing of the April 27, 2012, Joint Report, seven months ago. It appears that Defendant is no longer in the United States and that she does not intend to participate further in this case.

Defendant's utter disregard for the Court's Orders has severely prejudiced the Plaintiff's attempt to seek relief, has unreasonably delayed resolution of this case, and has demonstrated disrespect for this Court, and thus warrants imposition of sanctions in the form of a default judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff Carazani respectfully moves the Court to enter a default judgment against Defendant Emma Zegarra pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

                                                      Respectfully submitted,

Dated: November 27, 2012              */s/* <u>Julie M. Carpenter</u>
                                                     Julie M. Carpenter
                                                     Carrie F. Apfel
                                                     JENNER & BLOCK LLP
                                                   1099 New York Avenue, NW, Suite 900
                                                   Washington, DC  20001
                                                   202-639-6000
                                                   202-639-6600
                                                   *Attorneys for Plaintiff Virginia Carazani*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of November, 2012, a true and accurate copy of Plaintiff Virginia Carazani's Motion For Default Judgment with all accompanying exhibits were served via overnight mail upon the following:

Emma Zegarra
9632 Masterworks Drive
Vienna, VA  22181-6103

                                                      /s/ Carrie F. Apfel
                                                      Carrie F. Apfel